HENRY TAYLOR *vs.* THE BANK OF MUTUAL REDEMPTION.

One who deposits foreign money in a bank under an agreement that all moneys deposited shall be sent to another bank, to be assorted at the risk of the depositor, cannot maintain an action of contract against the assorting bank to recover a deficiency which is found to exist when it counts the bills in a parcel so deposited and transmitted, if the assorting bank receives the same from the bank in which the deposit was made under a general agreement that the latter shall make good to the former all deficiencies which may be found by its count.

CONTRACT for $100, money had and received.

At the trial in the superior court, there was evidence tending to show that the plaintiff deposited a parcel of foreign money containing $214, and inclosed in a strap marked with that amount, in the Eliot Bank in Boston, which the latter without counting or removing the strap transmitted to the defendants, who counted the same and then found the parcel to contain but $114, and returned it to the Eliot Bank, marked " short $100 ; " that there was a parol agreement between the Eliot Bank and the defendants that the latter should receive from the former its deposits of foreign money and cause the same to be redeemed, and it was the custom to transmit them uncounted, in the same

parcels in which they were deposited, and the Eliot Bank had agreed to become responsible for and make good to the defendants " all shorts, counterfeits and uncurrent bills that might be found by the count of the redeeming bank;" that the Eliot Bank had given to its depositors, and inserted in their several books of deposit, the following notice: " It is mutually understood and agreed by and between this bank and its depositors that all foreign money deposited by them and placed to their credit is received upon the express condition and understanding by and between the bank and the depositor, that the said foreign money shall be sent by this bank to the assorting bank, and that it shall be at the risk of the depositor as to the amount and quality thereof, and that any band or package of money or bills returned from the assorting bank must be adjusted and made good to this bank by the depositor."

On this evidence, *Morton,* J. ruled that the plaintiff could not maintain his action, and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*W. Brigham,* for the plaintiff.

*N. St. J. Green,* for the defendants.

BIGELOW, C. J. Looking at this case in a light most favorable to the claim of the plaintiff, it is clear that he cannot maintain his action. If, as he contends, there was a privity of contract between himself and the defendants, it existed solely by virtue of the agreement which was made with them by his agents, the Eliot Bank. On referring to that agreement, it appears that the defendants were not to be held liable for the amount contained in any packages of money which should be received by them, and which should fall short of the amount with which they were marked when they came into their hands, but that the Eliot Bank was to be responsible therefor to the defendants. It was under this contract that the defendants acted in receiving the plaintiff's money, and he has ratified and affirmed it by bringing this action, which he can sustain only by showing that the Eliot Bank acted in his behalf in sending money to the defendants for redemption. The plaintiff, then, is in this position · He cannot hold the defendants liab e for the

alleged loss of the money, because his agents have agreed that they shall not be held responsible therefor. He cannot hold the Eliot Bank, because he has by his own express agreement stipulated that his money shall remain at his own risk while it is in the hands of the assorting bank. If, therefore, the plaintiff is without remedy, it is because he has shut himself off by his own voluntary agreement. *Exceptions overruled.*